COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Bumgardner and Lemons
Argued at Salem, Virginia


BOBBY LEE HURLEY, A/K/A
 BOBBY CHURCH
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 2794-97-3          JUDGE DONALD W. LEMONS
                                         MARCH 2, 1999
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF BUCHANAN COUNTY
                     Keary R. Williams, Judge

          Joseph F. Dene (Dene & Dene, P.C., on brief),
          for appellant.

          Donald E. Jeffrey, III, Assistant Attorney
          General (Mark L. Earley, Attorney General, on
          brief), for appellee.


     Bobby Lee Hurley was convicted in a jury trial of one

count of distribution of cocaine to a juvenile at least three

years his junior, a violation of Code § 18.2-255.  On appeal he

argues that the trial court erred by allowing the Commonwealth to

prove the distributee's age from "driving records."

     On appeal Hurley maintains that testimony by Deputy Gary

Hughes was improper because he testified from a document that was

not authenticated and the testimony was hearsay.  The entirety of

the testimony and the colloquy between the court and counsel is

as follows:

          Q:  All right.  And, sir, do you also have a
          certified copy of the driving and criminal
          record of [John Doe] who was the confidential
          informant in this case?

     *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

A:  I have a driving record.

Q:  And what does that indicate his date of birth as being?

[DEFENSE COUNSEL]:  May I review the record first, please?

THE COURT:  Certainly.

THE WITNESS:  This is the driving transcript of both of them.

Q:  What does the certified Copy of the driving record – –

[DEFENSE COUNSEL]:  I'm going to object to the testimony from the driving record of an individual.  The individual is here.  He's already been sworn in, your Honor.  He can take the stand and tell  – –

THE COURT:  And may well testify, [defense counsel], but I think this is a proper document, it's admissible, although the Commonwealth is not offering the entirety of the record.  Certainly with the admissibility of the record, the Commonwealth is entitled to offer selected portions of that record. I'll allow the testimony over objection of counsel.

[DEFENSE COUNSEL]:  Yes, sir.

Q:  What does the certified copy of the driving record of [John Doe], what does that state his date of birth is?

A:  January 22, 1979.

THE COURT:  1979?

THE WITNESS:  '79, yes, sir.

Q:  Sir, again, the defendant is charged with distributing cocaine to a juvenile, specifically [John Doe] on March 22, 1996. As of that date, the 22nd of March, 1996, what would [John Doe's] age have been?

A:   I believe it would be 17.

Q:   17.

A.   At the date of offense.

At trial Burley's objection appears to have been that the Commonwealth should call the juvenile in order to establish his age.  We are unaware of any authority that would require the Commonwealth to prove this fact in this particular manner.  On appeal Burley asserts different objections, namely, that the driving records were not properly authenticated and the information contained therein was hearsay.  These objections were not presented to the trial court, and they will not be considered for the first time on appeal.  Rule 5A:18.

For the foregoing reasons, the conviction is affirmed.

<u>Affirmed.</u>